**YU FENG ZHU, Petitioner,**

v.

**Alberto R. GONZALES.[1]**

**No. 04–4487–ag.**

United States Court of Appeals,
Second Circuit.

March 14, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Michael Brown, New York, New York, for Petitioner.

Steven M. Biskupic, United States Attorney, Eastern District of Wisconsin, Lennie A. Lehman, Assistant United States Attorney, Milwaukee, Wisconsin, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Yu Feng Zhu petitions for review of the July 2003 order of the BIA affirming the decision of the immigration judge ("IJ") to deny his application for asylum, withholding of removal and relief under the Convention against Torture ("CAT"). Familiarity with the facts and the procedural history of the case is assumed.

Zhu contends that the BIA incorrectly affirmed the IJ's denial of his claim for asylum and that the IJ's adverse credibility determination was not supported by substantial evidence.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005); Yu Sheng Zhang v. U.S. Dep't of Justice, 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Jin Hui Gao v. United States Att'y Gen., 400 F.3d 963, 964 (2d Cir.2005); Ramsameachire v. Ashcroft, 357 F.3d 169, 178–83 (2d Cir.2004).

The IJ's adverse credibility determination was supported by substantial evidence. The IJ properly found that Zhu's testimony was vague with respect to describing his knowledge of Falun Gong. Zhu was unable to explain how one practiced Falun Gong and only briefly listed its purposes. Even if Zhu were poorly educated and inarticulate, he still should have been able to explain, in simple terms, what practicing entailed.

The IJ also correctly noted several material inconsistencies between Zhu's testimony and his application and previous interviews. This Court has recognized that an alien understandably may not be completely forthcoming in an airport interview. See Latifi v. Gonzales, 430 F.3d 103, 105 (2d Cir.2005). A reviewing court should therefore evaluate the reliability of the

record and the statements made at the interview before relying on those statements to assess an alien's credibility. *See Ramsameachire*, 357 F.3d at 179–81 (as a guideline, a court may weigh the wholeness and accuracy of the record of the interview, with whether the interviewer sought to elicit details of the asylum claim, and with whether the alien was reluctant to answer questions). Once the court has concluded that the interview is sufficiently reliable, it must evaluate the nature of any inconsistencies between those statements and statements made in subsequent proceedings within the context of the superficial nature of the airport interview. *See id.* at 180. Here, both the airport interview and credible fear interview are sufficiently reliable to be part of the record because complete transcripts of both interviews are available and because the interviewers sought to elicit why Zhu had left China and why he feared returning there. Moreover, Zhu appeared capable of answering questions and willing to speak truthfully.

First, a material inconsistency existed with regard to whether Zhu had been arrested. At the interviews, Zhu clearly stated that he had not been arrested. During the testimony, however, Zhu stated that he had, in fact, been arrested. When confronted with the discrepancy, Zhu explained that he had merely been "detained," a concept that he understood to be different from being "arrested." The IJ was not obliged to accept this explanation. Second, the IJ properly noted that Zhu's application had failed to mention that the village committee had issued a warning to Zhu and his parents in late January 2001 to cease the practice of Falun Gong—a fact to which he testified. Since this occurrence led directly to Zhu's subsequent detention, this matter was vital to his claim of persecution and not a minor detail. *See Diallo*, 232 F.3d at 288. Zhu argues that

he did not mention the notice because, at the time of the interviews, he did not yet have it and thus did not think it was necessary to mention it. But the record shows that Zhu was specifically asked if there had been a warning issued; Zhu answered in the negative. Third, the IJ correctly found a material inconsistency as to the date of the first incident with the cadres in that the date in the application was 2000 and the date in the testimony was 2001. This event—consisting of detention for practicing Falun Gong—went to the heart of his asylum claim and Zhu should have been able to consistently state the date of its occurrence. *See id.*

■ Because Zhu failed to assert arguments regarding his claims for withholding of removal and relief under CAT, those claims are deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal" (quotation omitted)).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).